IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00762-MEH

JOSHUA FINLEY,

    Plaintiff,

      v.

PREMIER EARTHWORKS & INFRASTRUCTURE, INC., and
ERIC MCCOY, an individual,

    Defendants.

---

# ORDER

---

This case arises out of Plaintiff Joshua Finley's employment with, and termination by, Premier Earthworks & Infrastructure, Inc. ("PEI"). One relevant issue is the conduct of supervisor Eric McCoy toward Plaintiff and others while still employed, and PEI's failure to take any disciplinary action against Mr. McCoy. Before the Court is Defendants' Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Claim for Outrageous Conduct, ECF No. 15. For the reasons that follow, I **grant** the motion and dismiss the outrageous conduct claim with prejudice.

## BACKGROUND

**I.    Facts**

The following are factual allegations made by Plaintiff in his Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff was employed by PEI as a mechanic from August 2016 until he was discharged on or around March 2, 2017. Compl. ¶ 13. From the start of his employment with PEI, Plaintiff

was subjected to discriminatory comments, including but not limited to, crude and vulgar language by Mr. McCoy. *Id.* ¶¶ 15–16. A "non-exhaustive" list of Mr. McCoy's language includes: calling Plaintiff and other men "pussies," making statements that he was going up to the corporate office to give the girls "shots of Vitamin E," and asserting that another co-worker had different-sized forearms because he was pleasuring himself often. *Id.* ¶ 15(a–c). Mr. McCoy also frequently made references to his own penis, generally claiming he was "well endowed." *Id.* ¶ 16. A "non-exhaustive" list of Mr. McCoy's references includes: statements that other men could not measure up to his strength or toughness, that the men's urinal needed to be low to the ground so he could use it without bumping his large penis, and that his pants would not stay zipped because of his penis size. *Id.* ¶ 16(a–c). Mr. McCoy also raised his leg onto work benches to point to his penis and to try to get Plaintiff and other employees to look at Mr. McCoy's penis through his pants. *Id.* ¶ 16(d).

Around mid-February 2017, Plaintiff told Mr. McCoy that he had an emergency doctor's appointment and needed to work shorter hours that day. *Id.* ¶ 17. Mr. McCoy proceeded to call Plaintiff a "pussy" and told him to "get over it." *Id.* The following day, Plaintiff reminded Mr. McCoy of the appointment and, in front of other employees, Mr. McCoy said, "[Y]ou're not going to a doctor's appointment, you're going home to go play with yourself." *Id.* ¶ 18.

On February 21, 2017, Plaintiff reported Mr. McCoy's inappropriate conduct and harassment to Thelma Llanas in the human resources department and provided a written statement. *Id.* ¶ 19. On February 23, Plaintiff was summoned to attend an in-person meeting to discuss his complaint regarding Mr. McCoy's conduct. *Id.* ¶ 20. In that meeting he was told that he would not be retaliated against for providing truthful information. *Id.*

2

On February 28, 2017, Mr. McCoy completely stopped talking to Plaintiff. *Id.* ¶ 21. Plaintiff's work hours were shortened from ten hours to eight and a half hours. *Id.* That same day Plaintiff received an email indicating that the investigation should be completed by the end of the week. *Id.* ¶ 22. On March 1, Plaintiff questioned the reduction of his work hours, with no response from PEI. *Id.* ¶ 23. PEI terminated him the next day. *Id.* ¶ 24.

Plaintiff filed a dual claim with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission for retaliation and gender discrimination on or around June 5, 2017. *Id.* ¶ 10. Plaintiff was issued a Notice of Right to Sue for both charges in early January 2018. *Id.*

## II. Procedural Background

Plaintiff initiated this lawsuit on April 2, 2018. Compl. and Jury Demand, ECF No. 1. Plaintiff's Complaint contained seven claims against PEI and Mr. McCoy. This includes four claims for discrimination, harassment, retaliation, and gender discrimination in violation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e– to 2000e–17 ("Title VII"), and the Colorado Anti-Discrimination Act ("CADA"), C.R.S. §§-24-34-401 to 24-34-805. The three remaining claims are common law tort claims for negligent retention, negligent supervision, and outrageous conduct.

Defendants filed this motion on June 4, 2018 to dismiss Plaintiff's claim for outrageous conduct. ECF No. 15. Plaintiff responded on June 25, 2018. ECF No. 19. Defendants then filed a reply in support of their motion on July 9, 2018. ECF No. 21.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–80. Second, the court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Okla.,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011).

While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik,* 671 F.3d at 1191. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

4

suffice." *Iqbal,* 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## **ANALYSIS**

I find that Plaintiff has not alleged facts supporting his outrageous conduct claim independent of his Title VII and CADA claims, and thus has failed to state an independently cognizable claim for which relief can be granted under Rule 12(b)(6).

To prove outrageous conduct under Colorado law, a plaintiff must show that the defendant's conduct was "so outrageous in character, and so extreme in degree, [that it goes] beyond all possible bounds of decency, and [would be] regarded as atrocious, and utterly intolerable in a civilized community." *Cejka v. Vectrus Sys. Corp.,* 292 F. Supp. 3d 1175, 1194 (D. Colo. 2018) (quoting *Churchey v. Adolph Coors Co.,* 759 P.2d 1336, 1350 (Colo. 1988)). *"*Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* (quoting *Churchey,* 759 P.2d at 1350).

Critical here, the facts necessary to prove a claim for outrageous conduct "cannot be similar or identical to, nor can they be said to share a common nucleus of operative facts with, the federal statutory claims over which [the court] has original jurisdiction." *Emerson v. Wembley USA Inc.,* 433 F. Supp. 2d 1200, 1228 (D. Colo. 2006) (alteration in original) (quoting *Gard v. Teletronics Pacing Sys., Inc.,* 859 F. Supp. 1349, 1354 (D. Colo. 1994)). In other words, "a plaintiff's allegations forming the basis of a claim for outrageous conduct *must exceed* those which would state a colorable claim of discrimination." *Murphy v. TXI Operations, LP,* No. CIVA04CV02053,

5

2006 WL 827308, at *18 (D. Colo. Mar. 29, 2006) (unpublished) (emphasis added). A claim of outrageous conduct "is not meant to be an incantation to augment damages." *Kashawny v. Xcel Energy Servs., Inc.,* No. 08-CV-02635-WYD-MJW, 2010 WL 1009897, at *2 (D. Colo. Mar. 17, 2010) (unpublished) (quoting *Gard,* 859 F. Supp. at 1354). Therefore, "[w]here the allegations forming the basis of a claim for outrageous conduct are the same as those forming the basis for a claim of discrimination, and nothing more, they fail to state *an independently cognizable claim* for which relief can be granted under Rule 12(b)(6)." *Visor v. Sprint/United Mgmt. Co.,* 965 F. Supp. 31, 33 (D. Colo. 1997) (emphasis added).

This court has dismissed outrageous conduct claims under similar circumstances. In *Visor*, for instance, employees brought claims under Title VII for employment discrimination and retaliation, as well as a state claim for outrageous conduct. *Id.* In the complaint there, the plaintiffs supported their outrageous conduct claim by incorporating, by reference, the allegations supporting their employment claims and then adding that "Defendant's course of conduct as described . . . was extreme and outrageous" and "done with the intent of causing the Plaintiffs severe emotional distress." *Id.* The court granted the employers' motion to dismiss on the grounds that the "allegations [were] insufficient to support an independent claim for outrageous conduct under Colorado law." *Id.*

Likewise, in *Kashawny,* the plaintiff alleged Title VII and state claims for discrimination and retaliation, as well as a claim for outrageous conduct. *Kashawny,* 2010 WL 1009897, at *3. That plaintiff also reincorporated previous paragraphs of his complaint, followed by conclusory assertions of outrageous conduct and severe emotional distress. *Id*. The court found that "[p]laintiff's allegations [were] merely conclusory and contain[ed] no factual allegations for the

6

outrageous conduct claim that [were] different from his discrimination claims" and thus "failed to state an independently cognizable claim for outrageous conduct for which relief can be granted under Rule 12(b)(6)." *Id.*

Similar to the plaintiffs in *Visor* and *Kashawny,* Plaintiff here supports his outrageous conduct claim with the same allegations made to support his Title VII and CADA claims for discrimination, harassment, retaliation, and gender discrimination. Significantly, the Complaint contains no separate factual allegations for the outrageous conduct claim that differ from the factual allegations supporting his Title VII or CADA claims. Under his outrageous conduct claim, Plaintiff first "incorporates all the paragraphs of this Complaint as though fully incorporated herein." Compl. ¶ 68. This is followed by conclusory assertions that Defendants "engaged in extreme and outrageous conduct" that "was done recklessly or with the intent of causing Plaintiff emotional distress." *Id.* ¶¶ 69–70. Plaintiff concludes that "[a]s a result of Defendant's aforementioned acts and omissions" he is entitled to relief because he suffered from "severe emotional distress . . . stem[ming] from Mr. McCoy's sexual harassment of Plaintiff." *Id.* ¶ 73. The factual assertions of "acts and omissions" and "Mr. McCoy's sexual harassment," however, do not differ from factual allegations in his other claims. For instance, Plaintiff under his Title VII claim states, "PEI violated [Title VII] and discriminated against Plaintiff by not only subjecting him to sufficiently severe or pervasive harassment based on his sex . . . but also: failing to act and condoning or tolerating such harassment . . . ." *Id.* ¶ 35.

In responding to the Partial Motion to Dismiss, Plaintiff argues that the Complaint provides a separate and independent set of allegations for the outrageous conduct claim in Paragraph 71, which states, "PEI's utter failure through its officers and supervisor to take action against Mr.

7

McCoy when it knew or had constructive knowledge of Mr. McCoy's sexual harassment, harassing behavior, and/or aggressive behavior as well as PEI's response to terminate Plaintiff instead of Mr. McCoy creates independent liability outside of agency theory." Resp. to Def's Partial Mot. to Dismiss, ECF No. 19 (quoting Compl. ¶ 71). But this set of allegations consists of nothing more than a subset of Plaintiff's allegations supporting his Title VII and CADA claims. Again, under the Title VII claim, Plaintiff declares "PEI knew or should have known of Mr. McCoy's conduct and failed to take prompt, remedial action to stop his conduct" and that PEI violated U.S.C. § 2000e-2(a) by "failing to act and [by] condoning or tolerating such harassment." Compl. ¶¶ 34–35. Then, under the CADA claim, Plaintiff repeats that PEI "condon[ed] or tolerat[ed] such harassment" and that "[a]s a direct and proximate result of PEI's actions, Plaintiff . . . suffered damages, including . . . emotional pain and suffering." *Id.* ¶¶ 49, 53. Not only are Plaintiff's allegations merely conclusory, but they assert no factual allegations for the outrageous conduct claim that are different from those underlying his statutory claims. Therefore, Plaintiff's outrageous conduct claim is subsumed by his Title VII and CADA claims, and he fails to state an independently cognizable claim for which relief can be granted under Rule 12(b)(6).

Finally, I note that both parties addressed whether Mr. McCoy's conduct amounts to outrageous conduct. I am firmly convinced that Plaintiff's outrageous claim fails because it is predicated entirely on the same allegations as his Title VII and CADA claims; therefore I do not assess whether Plaintiff has alleged facts sufficiently extreme to support a plausible outrageous conduct claim.

**CONCLUSION**

In sum, I find that Plaintiff has failed to plead sufficient facts regarding his outrageous conduct claim to state a claim for relief under Rule 12(b)(6). Accordingly, I **grant** the Partial Motion to Dismiss [filed June 4, 2018, ECF No. 15] and dismiss the outrageous conduct claim with prejudice.

Dated at Denver, Colorado, this 27th day of September, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge